UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA MCPHEE, | Case No. 2:25-cv-01544-DC-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND |
| v. | |
| CHRISTA SIEGENTHALER, et al., | (ECF No. 13) |
| Defendants. | |

Plaintiff Andrea McPhee is proceeding in this action pro se.[1] Pending before the Court is Defendants Christa Siegenthaler, Sidda Reddy Pedaballi, Sudhakar Reddy Vatti, Gretchen Higgins, and Jennifer King's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion to quash service of process pursuant to Rule 12(b)(5). (ECF No. 13.) Briefing is complete on the pending motion. On September 26, 2025, the Court submitted the motion upon the record and briefs on file and vacated the October 14, 2025 hearing. 9/26/2025 Order (ECF No. 19). For the reasons that follow, the Court recommends GRANTING Defendants' motion to dismiss with leave to amend.

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

I.      BACKGROUND

      A.      **Factual Allegations**[2]

As best as the Court can tell, Plaintiff's allegations stem from a denial of a promotion opportunity in Caltrans in 2018. FAC at 9. Plaintiff appears to allege she was discriminated against based on her gender. *Id*. Plaintiff further alleges she reached out to Defendant Gretchen Higgins for "reasonable accommodation" but did not receive a response. *Id.* Plaintiff further alleges Defendant Sudhakar Reddy Vatti did not provide her with feedback regarding her denial in 2018; Defendant Gretchen Higgins had failed to respond to Plaintiff's concern regarding Caltrans' deficiencies in "notifying new employees of worker's compensation law/procedures and promotional/hiring discrepancies"; and Defendant Jennifer King's had "denied any unfair hiring practices within any of the Divisions within Caltrans" despite evidence indicating that "Caltrans engages in active discriminatory practices to avoid paying fair wages." *Id.*

      B.      **Procedural Posture**

Plaintiff initiated this action on June 3, 2025. (ECF No. 1.) On July 21, 2025, Plaintiff filed her FAC as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). *See* FAC. Plaintiff brings this action against the following five (5) defendants: (1) Christa Siegenthaler; (2) Sidda Reddy Pedaballi; (3) Sudhakar Reddy Vatti; (4) Gretchen Higgins; and (5) Jennifer King. *Id*. at 2-3. The FAC generally alleges the basis for federal question jurisdiction is the Americans with Disabilities Act of 1990 ("ADA") "and other ADA Amendments Act of 2008." FAC at 4. No specific claim is asserted. *See generally* FAC.

On August 19, 2025, Defendants filed a motion to dismiss, or in the alternative, motion to quash, and noticed it before the assigned district judge. (ECF No. 11.) On the

---

[2]   These facts primarily derive from the First Amended Complaint ("FAC") (ECF No. 6), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

same day, the assigned district judge issued an order directing Defendants to comply with Local Rules 302(c)(21) and 230(a) and re-notice their defective motion before the undersigned. 8/19/2025 Order (ECF No. 12). On August 20, 2025, Defendants filed the pending motion to dismiss, or in the alternative, motion to quash and noticed it for a October 14, 2025 hearing before the undersigned. (ECF No. 13.) On August 29, 2025, Plaintiff filed an opposition, and Defendants filed a reply on September 11, 2025. (ECF Nos. 16, 17.) On September 26, 2025, the Court took Defendants' motion under submission on the papers, without oral argument, and vacated the October 14, 2025 hearing. 9/26/2025 Order. Plaintiff also filed numerous filings labeled as "oppositions" on September 17, 2025 (ECF No. 18), October 3, 2025 (ECF No. 21), October 9, 2025 (ECF No. 22), December 9, 2025 (ECF No. 23), and February 4, 2026 (ECF No. 25).

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Rule 8 Pleading

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain

statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Each allegation must be simple, concise, and direct. *Id*. Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. at 1179. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*.

### C.   Insufficient Service of Process under Rule 12(b)(5)

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4. Fed. R. Civ. P. 12(b)(5). Federal courts only acquire jurisdiction over a defendant after the defendant is properly served under Rule 4. *See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process is found insufficient under Rule 4, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

### D.   Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual

4

allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

## III.    DISCUSSION

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and for failure to comply with Rule 8. Def. Mot. at 6-7 (ECF No. 13.) Alternatively, Defendants also move to quash service of process pursuant to Rule 12(b)(5) for insufficient service of process. *Id.* at 5-6. Because the Court finds the FAC fails to state a claim and should be dismissed with leave to amend, the Court will not address Defendants' alternative ground to quash service of process.

Prior to addressing Defendants' motion to dismiss, the Court will first address Plaintiff's multiple oppositions to the motion to dismiss.

### A.    Plaintiff's Multiple Oppositions

On August 29, 2025, Plaintiff filed a timely opposition to Defendants' motion to dismiss. (ECF No. 16.) Defendants filed a reply on September 11, 2025. (ECF No. 17.) Despite briefing being complete on the motion, Plaintiff filed multiple "oppositions" without leave of court on September 17, 2025 (ECF No. 18), October 3, 2025 (ECF No. 21), October 9, 2025 (ECF No. 22), December 9, 2025 (ECF No. 23), and February 4, 2026 (ECF No. 25). The Court declines to consider Plaintiff's unauthorized oppositions (ECF Nos. 18, 21, 22, 23, 25) in its review of the motion to dismiss.

To the extent Plaintiff sought to file a sur-reply to Defendants' reply, Plaintiff did not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendants' reply did not raise any new arguments or evidence that would justify granting a request to file a sur-reply.

/ / /

5

**B.      Defendants' Motion to Dismiss**

Defendants move to dismiss the FAC for failure to state a claim. Def. Mot. The Court finds the FAC fails to allege sufficient facts to state a claim against Defendants because the FAC does not identify a specific claim and the grounds on which they rest in compliance with Rule 8.

The FAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Here, the FAC does not identify a specific cause of action or provide sufficient allegations supporting a cognizable legal claim against any defendant. The FAC therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

To the extent Plaintiff is seeking to bring a claim for employment discrimination under the ADA, Plaintiff must establish she: (1) is a disabled person within the meaning of the ADA; (2) is a qualified individual with a disability; and (3) has suffered an adverse employment action because of her disability. *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). As currently pled, Plaintiff has not alleged that she is a qualified individual within the meaning of the ADA, or that she suffered an adverse employment action because of her alleged disability. Despite these deficiencies, and in light of Plaintiff's pro se status, it is at least conceivable she could allege additional facts relating to a claim for employment discrimination under the ADA and leave to amend should be provided.

Accordingly, the Court recommends granting Defendants' motion to dismiss with leave to amend.

**C.     Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones*, 733 F.2d at 649. Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

The Court finds it appropriate to grant Plaintiff an opportunity to amend the FAC. Plaintiff will be provided an opportunity to amend her FAC to the extent she can allege facts that sufficiently plead her claims. Plaintiff is warned that conclusory and broad allegations are insufficient to meet Rule 8. Therefore, the Court recommends the FAC be dismissed with leave to amend.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiff organize his complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "Second Amended Complaint." **Plaintiff should not file a Second Amended Complaint <u>until</u> after the district judge rules on these findings and recommendations. The district judge's order will address whether Plaintiff has permission to file a Second Amended Complaint and if leave to amend is granted,**

**the deadline for filing.**

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filings in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## IV.    CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1.    Defendants' motion to dismiss (ECF No. 13) be GRANTED with leave to amend; and

2.    After any order adopting these findings and recommendations, Plaintiff be granted thirty (30) days from such order to file a Second Amended Complaint consistent with the Court's order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed. Plaintiff should not file a Second Amended Complaint until after the district judge rules on these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file

written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 12, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, mcph1544.25