UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA MCPHEE,<br>Plaintiff,<br>v.<br>CHRISTA SIEGENTHALER, et al.,<br>Defendants. | Case No. 2:25-cv-01544-DC-CSK (PS)<br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br>(ECF No. 31) |

Plaintiff Andrea McPhee is proceeding in this action pro se.[1] Pending before the Court is Defendants Christa Siegenthaler, Sidda Reddy Pedaballi, Sudhakar Reddy Vatti, Gretchen Higgins, and Jennifer King's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), or in the alternative, motion to quash service of process pursuant to Rule 12(b)(5). (ECF No. 31.) Briefing is complete on the pending motion. Pursuant to Local Rule 230(g), the Court has submitted the motion upon the record and briefs on file and vacated the August 11, 2026 hearing. 7/13/2026 Order (ECF No. 34).

For the reasons that follow, the Court recommends GRANTING Defendants' motion to dismiss and DISMISSING Plaintiff's Second Amended Complaint ("SAC")

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

without leave to amend.

## I. BACKGROUND

### A. Factual Allegations[2]

As best as the Court can tell, Plaintiff alleges harms arising from interactions with Defendants at her previous employer, the California Department of Transportation (Caltrans). SAC at 7 (ECF No. 29). Plaintiff alleges that Defendants are Caltrans managers or HR employees who were aware of Plaintiff's disability, which appears to be related to a carpal tunnel injury. *Id.* Plaintiff alleges Defendant Siegenthaler delayed the approval of Plaintiff's requests for "reasonable accommodation" in 2023 and denied Plaintiff "transfer or advancement opportunities [Plaintiff] applied for in her office." *Id.* Plaintiff alleges that Defendant Vatti is Defendant Siegenthaler's supervisor and "did not ensure [Plaintiff] receive[d] any additional support." *Id.* Plaintiff alleges Defendant Pedaballi also rejected transfer or advancement opportunities Plaintiff applied for while working temporarily in his office unit. *Id.* Plaintiff alleges that she reached out to "HR managers" Defendants Higgins and King but they "either delayed/ignored [Plaintiff's] request for additional support or rejected [Plaintiff's] claims." *Id.* Plaintiff alleges she has been denied disability accommodations, such as transfer to another office, and promotions within Caltrans. *Id.* Plaintiff alleges that "[t]he lack of support/assistance provided to me, as a disabled employee, by a state department such as Caltrans . . . is discouraging, greatly impacting my mental and physical well-being." *Id.* at 8. For relief, Plaintiff seeks back pay "from the time of this discrimination/retaliation period to the time of the court judgment[] or an equivalent of $55,000," a promotion to a senior position, and compensatory and punitive damages. *Id.* at 9.

/ / /

---

[2] These facts primarily derive from the Second Amended Complaint (ECF No. 29), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### B. Procedural Posture

Plaintiff initiated this action on June 3, 2025. (ECF No. 1.) On July 21, 2025, Plaintiff filed her First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (*See* ECF No. 6.) On May 1, 2026, the district court adopted the magistrate judge's Findings and Recommendations (ECF No. 26) recommending that Defendants' motion to dismiss the First Amended Complaint be granted with leave to amend. 5/1/2026 Order (ECF No. 28). Pursuant to the district court's order, Plaintiff filed the SAC on May 6, 2026. SAC. Plaintiff brings this action against the following five (5) defendants: (1) Christa Siegenthaler; (2) Sidda Reddy Pedaballi; (3) Sudhakar Reddy Vatti; (4) Gretchen Higgins; and (5) Jennifer King. *Id*. at 2-3. The SAC generally alleges federal-question jurisdiction based on the Americans with Disabilities Act of 1990 ("ADA") "and other[] ADA Amendments Act of 2008." *Id.* at 4. No specific claim is asserted. *See generally id.*

On June 10, 2026, Defendants filed a motion to dismiss, or in the alternative, a motion to quash. Defs. Mot. (ECF No. 31). On June 24, 2026, Plaintiff filed an opposition, and Defendants filed a reply on July 1, 2026. Pl. Opp'n (ECF No. 32); Defs. Reply (ECF No. 33). On July 13, 2026, the Court took Defendants' motion under submission on the papers, without oral argument, and vacated the August 11, 2026 hearing. 7/13/2026 Order. Plaintiff filed a motion on July 20, 2026 requesting the August 11, 2026 hearing be canceled as Plaintiff is in the process of obtaining legal representation; the Court denied Plaintiff's request as moot. (*See* ECF No. 35); 7/23/2026 Order (ECF No. 36).

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

1981). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Insufficient Service of Process under Rule 12(b)(5)**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Rule 4. Fed. R. Civ. P. 12(b)(5). Federal courts only acquire jurisdiction over a defendant after the defendant is properly

served under Rule 4. *See Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When a defendant challenges service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If service of process is found insufficient under Rule 4, "[t]he choice between dismissal and quashing service of process is in the district court's discretion." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (quoting *Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

**C. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim. Defs. Mot. at 5-7. Alternatively, Defendants move to quash service of process pursuant to Rule 12(b)(5) for insufficient service of process. *Id.* at 5. Because the Court finds the SAC fails to state a claim and should be dismissed without leave to amend, the Court will not address Defendants' alternative ground to dismiss or quash for insufficient service of process.

**A. Defendants' Motion to Dismiss**

The Court finds the SAC fails to allege sufficient facts to state a claim against

Defendants because (1) the SAC does not identify a specific claim and the grounds on which they rest in compliance with Rule 8, and (2) any claims premised on liability under the ADA cannot be asserted against the individual Defendants.

1. Rule 8 Pleading Requirements

The SAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes*, 84 F.3d at 1129. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Here, again, the SAC does not identify a specific cause of action or provide sufficient allegations supporting a cognizable legal claim against any defendant. As the Court explained previously, to the extent Plaintiff is seeking to bring a claim for employment discrimination under the ADA, Plaintiff must establish she: (1) is a disabled person within the meaning of the ADA; (2) is a qualified individual with a disability; and (3) has suffered an adverse employment action because of her disability. *See Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). Again, Plaintiff has not alleged that she is a qualified individual within the meaning of the ADA, or that she suffered an adverse employment action because of her alleged disability. *See* SAC at 7-9. These pleading defects are not resolved by Plaintiff's opposition, which presents additional vague and conclusory allegations and still does not specify what type of claim Plaintiff seeks to bring under the ADA. *See* Pl. Opp'n at 1. Plaintiff's opposition also includes the cover sheet from a class settlement agreement in another action involving Caltrans, which has no relevance to this action. *See id.* at 2, 3. The SAC therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on

what theory, with enough detail to guide discovery").

2. No Individual Liability Under the ADA

Additionally, to the extent Plaintiff seeks to bring claims for employment discrimination or retaliation under the ADA against Defendants, who are all individuals, her claims fail as a matter of law because ADA claims cannot be asserted against individuals. *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) ("[I]ndividual defendants cannot be held personally liable for violations [under Title I] of the ADA.").

**B. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones*, 733 F.2d at 649. If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff has amended her complaint twice. (*See* ECF Nos. 6, 29.) The Court also provided Plaintiff a detailed explanation of the deficiencies in her First Amended Complaint. See 2/12/2026 Findings and Recommendations (ECF No. 26). Despite this, Plaintiff has been unable to cure the deficiencies and allege sufficient facts to state a claim against any defendant. Accordingly, the Court finds that further amendment would be futile. The SAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

## IV. CONCLUSION

Based upon the findings above, it is RECOMMENDED:

1. Defendants' motion to dismiss (ECF No. 31) be GRANTED;
2. The Second Amended Complaint (ECF No. 29) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 28, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, mcph1544.25